UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ORLANDO IMBERT-MARRERO,

      Petitioner,

    v.

WARDEN, FLORIDA SOFT SIDE,
US ATTORNEY GENERAL,

      Respondents,

Case No. 2:26-cv-01702-KCD-NPM

_____/

## ORDER

Petitioner Orlando Imbert-Marrero has filed an emergency motion asking the Court to enforce its prior order. (*See* Doc. 15.)[1] He argues that the Government violated the Court's directive by releasing him under a brand-new order of supervision—one that fits him with a GPS monitor and tightens his travel limits. (*Id.* at 1.)[2] His claim is straightforward: because this Court ordered his release "under the prior conditions of supervision," the Government was barred from changing those terms. (*Id.* at 1-2.) But that argument misreads both the nature of habeas relief and the basic mechanics of immigration law.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

[2] For ease of reference, the Court cites to the page numbers generated by its electronic filing system for all docket entries and exhibits.

When this Court ordered the Government to release Imbert-Marrero under his "prior conditions," it did so to provide an immediate operational baseline for his release. That did not lock his supervision terms in amber for the rest of his days in this country. A habeas writ protects individuals from unlawful executive detention. It does not strip executive agencies of their ongoing statutory authority to manage noncitizens once they are released into the community. As the Supreme Court has made clear, even when a noncitizen's long-term detention is no longer constitutionally permissible, they remain subject to an order of supervision that may prescribe the terms of their release. *Zadvydas v. Davis*, 533 U.S. 678, 700 (2001).

The Immigration and Nationality Act and its implementing regulations give the Government flexibility to adjust supervision terms as circumstances change. *See* 8 U.S.C. § 1231(a)(3); 8 C.F.R. § 241.5. Nothing in this Court's order restricted the Government's statutory power to manage its supervision program. The order was a mandate to release Imbert-Marrero under the status quo then existing, not a permanent injunction freezing the agency's lawful discretion.

If Imbert-Marrero believes that the newly added restrictions are arbitrary, unlawful, or otherwise improper, he is not without remedy. He can pursue administrative relief or file a separate, fresh habeas petition challenging those conditions. What he cannot do is use a motion to enforce the

2

prior judgment as a vehicle to bypass the agency's statutory role. Accordingly,

Petitioner's Emergency Motion to Enforce or Clarify (Doc. 15) is **DENIED**.

 **ORDERED** in Fort Myers, Florida on June 29, 2026.

Kyle C. Dudek
United States District Judge

3